## CORBIN v. GRAVES.

(*Circuit Court, N. D. Iowa, E. D.* April Term, 1886.)

PARTNERSHIP — SPECIAL PARTNER — ACTION AGAINST — ACTION TO ENFORCE DECREE IN EQUITY.

    A decree in a suit in equity, at the instance of a creditor of a firm, found that a special partner had received a sum, the property of the firm, which should have been applied to the payment of debts, and ordered such partner to pay the amount to the clerk of court in order that it might be applied to the payment of the claims that should be established against it. The partner having failed to make payment as required, *held*, that such decree could not be foundation for an action at law at the instance of the creditor to compel him to do so, as it did not entitle the creditor to demand judgment, either in his own right, or as trustee for the other creditors, for the entire sum; and the amount to which he was entitled was not fixed, nor could it be ascertained from the facts found in the decree. *Held, further*, that the action could not be maintained, even though the clerk of court be joined as co-plaintiff, as the decree did not make him a trustee or receiver, nor did it clothe him with any power or right, or convey to him a title to the money as trustee, or otherwise.

Law. Demurrer to petition.
*W. J. Knight,* for plaintiff.
*Henderson, Hurd & Daniels,* for defendant.

SHIRAS, J. From the allegations of the petition and amended petition in this cause filed, it appears that Chester C. Corbin brought a suit in equity in the United States circuit court for the Northern district of Illinois, for the benefit of himself and other creditors, against William A. Boies, B. B. Fay, L. W. Conkey, and J. K. Graves, partners under the firm name of Boies, Fay & Conkey, and other defendants, for the purpose, among other things, of setting aside certain judgments and transfers of property, on the ground that the same were in fraud of the rights of creditors. On the twenty-sixth day of September, 1885, a decree was entered in said cause, which, *inter alia,* found that said Graves was a special partner in the firm of Boies, Fay & Conkey, having contributed $50,000 to the capital stock thereof; that through certain judgments confessed by said firm, and other means recited in the finding of the court, there had come into the hands of said Graves the sum of $100,796.71, proceeds of the property of the firm, and which equitably belonged to the creditors of said firm; that the complainant, Chester C. Corbin, owns two promissory notes executed by the firm; "and that the said limited partnership is indebted to him thereon in the sum of four thousand three hundred and fifty-nine 31-100 dollars. It is therefore ordered and adjudged and decreed that all the property and effects held by the said limited partnership, on the twentieth day of August, 1882, and subsequent thereto, and when the said judgments were confessed, were a special trust fund for the payment of the firm debts rateably among its creditors. It is further ordered, adjudged, and decreed that the defendant Julius K. Graves pay to the clerk of this court, within 30

days from the entry of this decree, for the benefit of the complainant, Chester C. Corbin, and such other creditors of the said limited partnership as shall prove their right to share in the distribution of the assets of said firm, the sum of $100,796.71, being the amount of the several sums paid to him out of the assets of the said limited partnership." The decree further provides for a reference to a master to take proofs of the debts due to such creditors of said partnership as shall apply for that purpose, and grants leave to the complainant to apply for further orders, retaining the case for that purpose. The said Graves having failed to pay into court the sum specified in this decree, the said Corbin brought the present action at law in this court against Graves, he being a citizen and resident of Iowa, and, after reciting the rendition of the decree, and the failure to pay to the clerk of the court in Illinois the said sum of $100,796.71, or any part thereof, he prays judgment therefor, with interest. By an amendment, W. II. Bradley, clerk of said United States circuit court in and for the Northern district of Illinois, is made a co-plaintiff with said Corbin, and unites in the prayer for judgment. By a demurrer interposed to the petition, and amendment thereto, the question is presented whether an action at law can be maintained upon the decree set forth and declared upon in the petition.

Since the decision in the case of *Pennington* v. *Gibson*, 16 How. 65, the question, whether a final decree in chancery could be made the basis of an action at law, has been settled in the affirmative in the courts of the United States. Decrees in equity are placed upon the same footing as judgments at law. Whether an action at law can be maintained thereon is dependent, not upon the mere fact whether the adjudication is by a court of equity or by a court of law, but upon the question whether the action of the court, evidenced by a decree in equity or judgment at law, is final, and fixes the responsibility of the party proceeded against, so that the amount to be adjudged against him can be ascertained from the record declared on. In *Pennington* v. *Gibson* the supreme court declared the rule to be "that where the decree of the court of equity cannot be enforced by its own process, and within the regular bounds of its jurisdiction, such decree, when regular and final, and when especially it ascertains and declares the simple pecuniary responsibility of a party, may, and for the purposes of justice must, be the foundation of an action at law against that party whose responsibility has thus been ascertained."

In the case at bar, the objection to the decree sued on is not that it is a decree in equity, but that it does not define the amount of liability on the part of the defendant, Graves, to the complainant Corbin. If the finding was that the defendant was indebted to the complainant in a given sum, there would be no question of the right to maintain an action at law on such a decree. The difficulty lies in the fact that the decree does not establish a liability upon part of

the defendant to complainant for any fixed sum, nor does it find the *data* from which can be determined what sum is due complainant from said Graves. The decree finds that there is due to complainant from the firm of Boies, Fay & Conkey the sum of $4,359.31, but this does not establish the fact that J. K. Graves is liable for this sum, or any part thereof. The decree finds that he is a special partner, and has contributed $50,000 to the capital stock of the firm; and it does not appear that he is personally liable for the debts of the firm. The decree finds that said Graves has received of the property of the firm an amount equal to $100,796.71, which should be applied to the payment of the debts of the firm, and Graves is ordered to pay this sum to the clerk of the court, in order that it may be applied to the payment of the claims that may be established against it. Until the report of the master is made and confirmed, it cannot be known what amount of debts may be proven up under the reference, and, until this is known, it is impossible to ascertain the amount to which the complainant Corbin is entitled out of the amount adjudged to be in the hands of the defendant.

It is absolutely certain that under the findings of the decree he cannot, in any event, be entitled to over $4,359.31, and interest. Upon the final hearing it may appear that he is entitled to but a fraction of this sum. It is manifest that the decree does not entitle him to demand judgment in his own right for the entire sum of $100,796.71, and it is equally plain that the amount to which complainant is entitled is not fixed by the decree as it now stands, nor can it be ascertained from the facts found in the decree. When, in the further progress of the case in the Illinois court, it is ascertained what amount of claims are entitled to share in the distribution of the fund, then the proportionate share coming to complainant can be ascertained and decreed; and this amount having been thus ascertained and adjudged against the defendant, and in favor of complainant, may be made the basis of an action at law. As the decree now stands, it is not sufficient to enable the plaintiff to maintain an action at law thereon for the recovery of the specific sum that may be due him; neither does it enable him to maintain an action at law in his own name for the entire sum ordered to be paid into court by said Graves. The decree does not require the defendant to pay the amount named to complainant, nor does it in any way appoint or recognize Corbin as a trustee for the other creditors. The order is that the defendant pay the sum to the clerk of the court.

If this court should now enter a judgment at law in favor of Corbin for the entire sum claimed, this court would have no control over the disposition or distribution of the fund, and the court in Illinois would also be without control over the fund thus collected upon a judgment at law in Iowa, for the reason that this action is not brought under the authority of that court, nor in pursuance of any order made by it. So far as Corbin is concerned, the action is brought *sua sponte*,

and is based upon his own right to sue at law upon the decree; and, as already said, the decree rendered does not adjudge any specific sum to be due to complainant, and hence this court cannot give judgment in favor of Corbin upon the decree as it now stands.

By the amendment filed to the petition William H. Bradley, clerk of the United States circuit court rendering the decree, is made a co-plaintiff; and it is urged that by the joinder of parties plaintiff thus brought about the action can be maintained. It is manifest, however, that Bradley has no joint or common interest with Corbin in the subject-matter of the action, and the joinder of the clerk of the court does not avoid the difficulty that the decree does not adjudge any specific sum to be due to Corbin.

The amendment also avers that this action is brought for the benefit of said Corbin, and of all other creditors of the limited partnership who shall prove up their right to share in the distribution of the assets as provided in the decree declared on; and it is urged in argument that a recovery of the entire amount decreed to be paid in by Graves can be had in this action, the same to be distributed by the court in Illinois. This is an action at law, based upon the decree rendered in Illinois, and that decree does not authorize or empower Corbin to act as trustee or receiver for the other creditors, nor does it in any manner authorize him to sue for and recover the $100,-796.71 ordered to be paid into court. There is lacking, therefore, a right at law on part of Corbin to the entire sum, either in his own right, or as trustee for the other creditors.

It is also urged in argument that the provision of the decree directing Graves to pay the sum named to the clerk of the court constitutes the clerk a trustee for the benefit of the creditors, and that, as such, under the Code of Iowa, § 2544, he can sue at law to recover the amount ordered to be paid. The decree simply ordered Graves to pay the amount named to the clerk of the court. If paid to him, the money would, in effect, be held by the court for distribution. The decree does not make the clerk a trustee or receiver, nor does it clothe him with any power or right, nor does it convey to him a title to the money as trustee, or otherwise. In fact, the decree upon its face shows that one Robert E. Jenkins has been appointed receiver in the cause. It cannot be held that a simple provision in a decree, directing a party to the suit to pay a given sum to the clerk of the court, is in effect an appointment of the clerk as a trustee for the rights of creditors, with authority to go into other jurisdictions, and maintain actions at law for the recovery of the sum ordered to be paid. It is not made to appear that the court in Illinois has in any manner empowered any one to sue for the sums ordered to be paid into that court. To maintain the present action at law it is necessary that the plaintiff shall show that they have a right at law, under the terms of the decree sued on, to recover judgment for some fixed amount against the defendant.

So far as the plaintiff Bradley is concerned, it is not claimed that he has any interest in or right to the fund sought to be recovered, except such as is derived from the order made that Graves should pay the amount named to the clerk of the court. This we hold to be simply an order requiring payment by Graves, and not a decree conferring a right or title upon the clerk as trustee or otherwise. So far as the plaintiff Corbin is concerned, he cannot, under the terms of the present decree, maintain an action at law for the entire sum ordered to be paid by the decree, because he had no legal title thereto; nor has he been empowered to sue therefor in any representative capacity; nor can he take judgment for any specific sum, as his individual share of the common fund, because the amount to which he may be entitled is not ascertained by the decree sued on, that being one of the questions not yet settled by the Illinois court.

The demurrer must therefore be sustained, and it is so ordered.

LOVE, J., concurs.